IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| ARLEAN MOSES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 1:11cv581-CSC |
| | ) | (WO) |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION and ORDER**

**I. Introduction**

Plaintiff Arlean Moses ("Moses") applied for disability insurance benefits pursuant to Title II of the Social Security Act, 42 U.S.C. § 401 et seq., and for supplemental security income benefits under Title XVI of the Social Security Act, 42 U.S.C. § 1381 et seq., alleging that she was unable to work because of a disability. Her application was denied at the initial administrative level. The plaintiff then requested and received a hearing before an Administrative Law Judge ("ALJ"). Following the hearing, the ALJ also denied the claim. The Appeals Council rejected a subsequent request for review. The ALJ's decision consequently became the final decision of the Commissioner of Social Security (Commissioner).[1] *See Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). The case is now before the court for review pursuant to 42 U.S.C. §§ 405 (g) and 1383(c)(3). Pursuant

---

[1] Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub.L. No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to Social Security matters were transferred to the Commissioner of Social Security.

to 28 U.S.C. § 636(c)(1) and M.D. Ala. LR 73.1, the parties have consented to the United States Magistrate Judge conducting all proceedings in this case and ordering the entry of final judgment. Based on the court's review of the record in this case and the briefs of the parties, the court concludes that the decision of the Commissioner should be reversed and this case remanded to the Commissioner for further proceedings.

## II. Standard of Review

Under 42 U.S.C. § 423(d)(1)(A), a person is entitled to disability benefits when the person is unable to

> engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . .

To make this determination,[2] the Commissioner employs a five-step, sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920.

> (1) Is the person presently unemployed?
> (2) Is the person's impairment severe?
> (3) Does the person's impairment meet or equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1?
> (4) Is the person unable to perform his or her former occupation?
> (5) Is the person unable to perform any other work within the economy?
>
> An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability. A negative answer to any question, other than step three, leads to a determination of "not disabled."

---

[2] A "physical or mental impairment" is one resulting from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).[3]

The standard of review of the Commissioner's decision is a limited one. This court must find the Commissioner's decision conclusive if it is supported by substantial evidence. 42 U.S.C. § 405(g); *Dyer v. Barnhart,* 395 F.3d 1206, 1210 (11th Cir. 2005). Substantial evidence is "more than a scintilla," but less than a preponderance: it "is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Crawford v. Comm'r of Soc. Sec., 3*63 F.3d 1155, 1158–59 (11th Cir. 2004) (quotation marks omitted). The court "may not decide the facts anew, reweigh the evidence, or substitute . . . [its] judgment for that of the [Commissioner]." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n. 8 (11th Cir. 2004) (alteration in original) (quotation marks omitted).

> [The court must] . . . scrutinize the record in its entirety to determine the reasonableness of the [Commissioner's] . . . factual findings . . . No similar presumption of validity attaches to the [Commissioner's] . . . legal conclusions, including determination of the proper standards to be applied in evaluating claims.

*Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

### III. The Issues

**A. Introduction**. Moses was 42 years old at the time of the hearing before the ALJ, and has completed the twelfth grade. (R. 34-35). Her prior work experience includes work as a security guard, cashier/checker, furniture sales person, stock clerk, airline security

---

[3] *McDaniel v. Bowen*, 800 F.2d 1026 (11th Cir. 1986) is a supplemental security income case (SSI). The same sequence applies to disability insurance benefits. Cases arising under Title II are appropriately cited as authority in Title XVI cases. *See e.g. Ware v. Schweiker*, 651 F.2d 408 (5th Cir. 1981) (Unit A).

representative and fast food worker. (R. 20).  Following the hearing, the ALJ concluded that Moses has severe impairments of fibromyalgia and bipolar disorder.  (R. 14).  The ALJ further concluded that Moses did not meet the Listing 12.04 of the Listing of Impairments, 20 C.F.R. § 404, Subpt P, App. 1, 12.04, which deals with affective disorders or Listing 12.06 of the Listing of Impairments, 20 C.F.R. § 404, Subpt P, App. 1, 12.06, which deals with anxiety disorders.  (R. 14-15) .

The ALJ found that Moses had the residual functional capacity to perform light work "involving on (sic) occasionally climbing of ramps and stairs but never climbing ladders, ropes or scaffolds, and avoiding unprotected heights and hazardous machinery or involving more than simple instructions and simple 1 and 2 step tasks.  She is capable of sustaining concentration for 2 hours with normal breaks involving only infrequent contact with the general public." (R. 16).  The ALJ concluded that Moses could not return to her past relevant work, (R. 20), but relying on the testimony of a vocational expert, determined that there were jobs existing in significant numbers in the national economy that she could perform.  (R. 21). Consequently, the ALJ concluded that she was not disabled. (*Id*.).

**B. Plaintiff's Claims**.  As stated by Moses, she presents three issues for the Court's review:

1. Whether the ALJ erred by failing to properly consider Ms. Moses' carpal tunnel syndrom (sic) as a severe impairment.

2. Whether the ALJ's finding that Ms. Moses retains the residual functional capacity to perform a reduced range of light work is not based on substantial evidence.

    3.    Whether the ALJ failed to properly consider the opinion of Dr. Kesserwani.

(Pl's Br., Doc. # 11 at 1).

## IV.  DISCUSSION

The plaintiff raises several issues and arguments related to this court's ultimate inquiry of whether the Commissioner's disability decision is supported by the proper legal standards and substantial evidence. *See Bridges v. Bowen*, 815 F.2d 622 (11th Cir. 1987). However, the court pretermits discussion of the plaintiff's specific arguments because the court concludes that the ALJ erred as a matter of law.

After setting forth his residual functional capacity conclusion, the ALJ launches into a description of the medical evidence of record. (R. at 13-20). As a prelude to this descriptive exercise, the ALJ recites that he

> has considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 CFR 404.1529 and 416.929 and SSRs 96-4p and 96-7p. The undersigned has also considered opinion evidence in accordance with the requirements of 20 CFR 404.1527 and 416.927 and SSRs 96-2p, 96-5p, 96-6p and 06-3p.

(R. at 16)

In the midst of the recitation of the medical evidence, the ALJ says this:

> The undersigned emphasizes that the documentation set forth in the above paragraphs contains only a summary of the claimant's medical treatment and care during the relevant period of disability herein. While the remaining objective record has not been specifically set forth herein, the undersigned notes that such credible documentation, including treatment notations from various sources, consultative evaluation findings, inpatient and outpatient

hospital presentations and emergency room presentations, were considered in
the overall determination of disability.

The problem for the court is that, beyond the recitation of some of the medical evidence, without explaining what specific evidence the ALJ relies on, what weight the ALJ gives the evidence and why he relies on some evidence but not other evidence, the court is unable to determine upon which evidence the ALJ actually relies to reach his conclusion that Moses is not disabled. For example, although the record is replete with references to Moses' Graves' disease and concomitant hyperthyroidism and hypothyroidism, the ALJ does not consider the effect of this impairment on Moses' ability to work.[4] The medical evidence demonstrates that Moses suffers from left wrist carpal tunnel syndrome, but the ALJ does not consider the effects of this impairment on Moses' ability to perform work. (R. 827, 590). The Appeals Council further compounds the problem by ignoring evidence that Moses also suffers from carpal tunnel syndrome of the right hand.

Finally, there is evidence in the record to suggest that Moses suffers from lumbar radiculopathy and cervical radiculopathy which the ALJ does not mention. (R. 593-94, 557-58)  While the ALJ mentions Moses' plantar fasciitis, he finds that "there is no indication that this impairment causes significant loss of function." (R. 19). It is undisputed that Moses

---

[4] While the ALJ parroted select portions of the medical evidence mentioning Moses' Graves' disease, he did not discuss *all* of the medical evidence. Rote recitation of the medical evidence is not a substitute for articulating reasons for discrediting some evidence while accepting other evidence. The facts recited by the ALJ might support reasons, but the ALJ did not articulate those reasons. The ALJ's conclusory analysis is simply deficient as a matter of law. It is the responsibility of the ALJ to conduct the appropriate legal analysis, and his written decision must include sufficient reasoning to permit the court to determine that he has done so.

suffers from recurrent and chronic plantar fasciitis. (R. 424-429, 714, 776-78). Even if the ALJ concludes that these conditions that are not severe impairments, he must still consider every impairment alleged by the plaintiff and determine whether the alleged impairments are sufficiently severe - either singularly or in combination - to create a disability. *See Gibson v. Heckler,* 779 F.2d 619, 623 (11th Cir. 1986). All of the plaintiff's impairments must be considered in combination, even when the impairments considered separately are not severe. *Hudson*, 755 F.2d at 785. Moreover, an ALJ may not arbitrarily pick and choose facts from the medical evidence to support his conclusion without articulating specific, well supported reasons for crediting some evidence while discrediting other evidence. *Marbury v. Sullivan*, 957 F.2d 837 (11th Cir. 1992).

An ALJ must state with particularity the weight given to different medical evidence and the reasons therefor. *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987). A statement that the ALJ carefully considered all the testimony and exhibits is not sufficient. *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981). Without an explanation of the weight accorded by the ALJ to the various medical opinions and evidence, it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence. *Id.*

The Commissioner argues that because the ALJ found that Moses could perform light work, "implicit in this finding was that Plaintiff had no limitations on the use of her arms and hands and could stand or walk for six hours and sit for two hours each in an eight-hour

workday." (Mem. in Supp. of Comm'r's Dec., doc. # 17, at 13).  The Commissioner's argument is purely speculative.  Neither the Commissioner nor the court can ascertain from the ALJ's decision what consideration, if any, the ALJ gave to the effect of Moses' Graves' disease or carpal tunnel syndrome on her ability to work.

The Commissioner says any error was harmless because the vocational expert testified that light work can be performed either standing or sitting.  The problem with the Commissioner's position is that because the ALJ did not delineate what evidence he considered, it is impossible for the court to determine whether the vocational expert considered all of the plaintiff's impairments when testifying about her abilities.  The ALJ determined that Moses has the residual functional capacity to perform light work which involves occasionally climbing ramps, and stairs, while avoiding unprotected heights and hazardous machinery.  (R. 16).  Unfortunately, the ALJ makes no more specific findings regarding Moses's residual functional capacity taking into consideration the effect of her plantar fasciitis and radiculopathy on her ability to stand and walk, or the effect of her carpal tunnel syndrome on her ability to lift, reach, handle or carry.  Consequently, because the court is unable to determine what evidence the ALJ relied upon to reach his decision, the court is unable to determine whether that decision is supported by substantial evidence.

"Social Security proceedings are inquisitorial rather than adversarial.  It is the ALJ's duty to investigate the facts and develop the arguments both for and against granting benefits." *Sims v. Apfel*, 530 U.S. 103, 110-111 (2000).

> The SSA is perhaps the best example of an agency that is not based to a significant extent on the judicial model of decisionmaking. It has replaced normal adversary procedure with an investigatory model, where it is the duty of the ALJ to investigate the facts and develop the arguments both for and against granting benefits; review by the Appeals Council is similarly broad. *Id*. The regulations also make the nature of the SSA proceedings quite clear. They expressly provide that the SSA "conducts the administrative review process in an informal, nonadversary manner." 20 C.F.R. § 404.900(b).

*Crawford & Co. v. Apfel*, 235 F.3d 1298, 1304 (11th Cir. 2000).

For these reasons, the court concludes that the Commissioner erred as a matter of law, and that the case should be remanded for further proceedings. In this case, it is clear that the ALJ failed to fulfill his responsibilities with respect to evaluating all the evidence of the plaintiff's impairments in combination. Thus, the court is unable to determine whether the ALJ's residual functional capacity determination is supported by substantial evidence, and doubt is necessarily cast upon the ALJ's conclusion that the plaintiff is not disabled. And, since this case must be remanded, the plaintiff will have an opportunity to present updated evidence to the ALJ, including the evidence submitted to the Appeals Council.[5]

Accordingly, this case will be reversed and remanded to the Commissioner for further proceedings consistent with this opinion. It is further

ORDERED that, in accordance with *Bergen v. Comm'r of Soc. Sec.*, 454 F.3d 1273,

---

[5] The court notes that the ALJ did not order a physical or mental evaluation of the plaintiff. On remand, the ALJ has a duty to fully and fairly develop the record, and one way to do that might be to order consultative evaluations to ascertain the extent that the plaintiff's limitations impact her ability to perform work. *See Holladay v. Bowen,* 848 F.2d 1206, 1209 (11th Cir. 1988) (ALJ is not required to order consultative examination unless the record establishes that such an evaluation is necessary to make informed decision); *Reeves v. Heckler*, 734 F.2d 519 (11th Cir. 1984) (error for ALJ not to order consultative examination where the evaluation is needed to make an informed decision).

1278 fn. 2 (11th Cir. 2006), the plaintiff shall have sixty (60) days after she receives notice of any amount of past due benefits awarded to seek attorney's fees under 42 U.S.C. § 406(b). *See also Blitch v. Astrue*, 261 Fed. Appx. 241, 242 fn.1 (11th Cir. 2008).  A separate final judgment will be entered.

     Done this 29th day of February 2012.

                              /s/Charles S. Coody
                              CHARLES S. COODY
                              UNITED STATES MAGISTRATE JUDGE