IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| ARLEAN MOSES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 1:11cv581-CSC |
| | ) | (WO) |
| MICHAEL J. ASTRUE, | ) | |
| COMMISSIONER OF | ) | |
| SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION and ORDER**

On May 2, 2012, the plaintiff filed a motion for attorney fees pursuant to the Equal
Justice Act, 28 U.S.C. § 2412(d).  (Doc. # 23).  The Commissioner objects to an award of
fees because his "position was substantially justified."  (Def's Res., Doc. # 26, at 1).

Plaintiff Arlean Moses ("Moses") applied for and was denied disability insurance and
supplemental security income benefits by the Commissioner.  After her application was
denied, she sought judicial review in this court.  On February 29, 2012, the court concluded
that the ALJ erred as a matter of law and remanded the case for further proceedings.

A Social Security disability claimant is a prevailing party entitled to seek EAJA fees
when the claimant obtains a remand for reconsideration of her case by the Commissioner.
*See Shala v. Schaefer*, 509 U.S. 292, 300-01 (1993).  Thus, the plaintiff is a prevailing party.

Under the EAJA, the court "shall award" attorney's fees "unless the court finds that
the position of the United States was substantially justified or that special circumstances

make an award unjust."  28 U.S.C. § 2412(d)(1)(A).  *See also Gisbrecht v. Barnhart*, 535

U.S. 789, 796 (2002).  "The government's position is substantially justified under the EAJA

when it is justified to a degree that would satisfy a reasonable person - i.e. when it has a

reasonable basis in both law and fact.  The government bears the burden of showing that its

position was substantially justified."  *United States v. Douglas*, 55 F.3d 584, 588 (11th Cir.

1995) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).

It has long been the law of this circuit that the ALJ has an obligation to state with

particularity the weight given to different medical evidence and the reasons therefor.

*Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987).  A statement that the ALJ carefully

considered all the testimony and exhibits is not sufficient.  *Cowart v. Schweiker*, 662 F.2d

731, 735 (11th Cir. 1981).  Without an explanation of the weight accorded by the ALJ to the

various medical opinions and evidence, it is impossible for a reviewing court to determine

whether the ultimate decision on the merits of the claim is rational and supported by

substantial evidence.  *Id.*  In this case, the court concluded that "beyond the recitation of

some of the medical evidence, without explaining what specific evidence the ALJ relies on,

what weight the ALJ gives the evidence and why he relies on some evidence but not other

evidence, the court is unable to determine upon which evidence the ALJ actually relies to

reach his conclusion that Moses is not disabled."  (Doc. # 21 at 6).  Because the ALJ failed

to comply with the legal requirement that he state with particularity the reasons for his

decision, the ALJ committed legal error requiring a remand for further proceedings.  Thus,

the Commissioner's position in this litigation did not have a reasonable basis in law. *Pierce* requires that the government's position be reasonable *both* in fact and law to be substantially justified.

The Commissioner argues that the plaintiff is not entitled to fees because the Commissioner's "decision to find Plaintiff's carpal tunnel syndrome not severe (Tr. 14) had a reasonable basis in law." (Doc. # 26 at 3 & 4). The Commissioner also argues that his decision "to find Plaintiff had a residual functional capacity to perform light work . . . has a reasonable basis in law." (*Id*. at 4). Not only does the defendant's articulation of the issues miss the mark, the arguments presented by the Commissioner merely rehash his arguments in support of the ALJ's determination. The Commissioner offers potential rationales for the ALJ's findings but those rationales do not excuse the ALJ's failure to properly delineate the evidence upon which he actually relies to make those findings.

The Commissioner's position was not substantially justified because the ALJ failed in *his* duties to properly evaluate all the evidence, and failed to state with particularity the evidence upon which he relied as well as the weight given to the evidence. (Doc. # 21 at 6). Consequently, the Commissioner's position was not reasonable in law, and the plaintiff is entitled to an award of fees under EAJA.

The plaintiff seeks fees in the amount of $4160.35, and she seeks supplemental fees in the amount of $365.94 for replying to the Commissioner's response. *See* Doc. # 28 at 4-5. The Commissioner does not challenge any of the hours expended by counsel as unreasonable

nor does he challenge the hourly rate.  Accordingly, upon consideration of the motion, and for good cause, it is

ORDERED that the motion for attorney's fees (doc. # 23) be and is hereby GRANTED to the extent that the plaintiff be and is hereby AWARDED fees in the amount of $4,526.29.

2.      To the extent that plaintiff's counsel requests that fees be awarded directly to counsel, 28 U.S.C. § 2412(d)(1)(A) authorizes the court to award fees to the prevailing party.[1]  *See* 28 U.S.C. § (d)(2)(B).  The motion that fees be paid directly to counsel be and is hereby DENIED.

Done this  26th day of June, 2012.


              /s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE

---

[1]  On May 5, 2008, the Eleventh Circuit Court of Appeals decided *Reeves v. Astrue*, 526 F.3d 732 (11th Cir. 2008) in which the Court unambiguously held that "attorney's fees are awarded to the prevailing party, not to the prevailing party's attorney." *Id.* at 738.  On June 14, 2010, the United States Supreme Court decided *Astrue v. Ratliff*, 130 S.Ct. 2521 (2010) in which the Court unambiguously held that attorney's fees are awarded to the prevailing litigant, not to prevailing litigant's attorney.  *See also Reeves v. Astrue*, 526 F.3d 732, 738 (11th Cir. 2008) ("attorney's fees are awarded to the prevailing party, not to the prevailing party's attorney.").